CHARLES L. MATHEWS *et al.,* *vs.* CATHERINE CASTLE-
BERRY.    Ejectment, from Clay.

LOCHRANE, Chief Justice.

1. Where, upon the trial of an issue formed under section 2670 of the Code,
   relative to the genuineness of a deed, the instrument put in issue was
   over thirty years old at the time of the trial, and came from the proper
   custody, and with possession under it, and bearing upon its face marks
   of genuineness :

*Held,* That such instrument proved itself, and did not need evidence of
   its execution, and the issue provided by such section of the Code did
   not apply to such instrument, and the verdict of the jury sustaining it
   was in accordance with law.

2. When after the finding of such issue the case proceeded to the jury,
   and the defendant showed his purchase in 1850 and his deed, and that
   he went into possession in the year 1851, and had exercised such acts
   of dominion over it as are usual by the owners of land, by cutting tim-
   ber off it, and cultivating it, and by making valuable improvements on
   it in 1856, and living upon it until his death, in 1863 :

*Held,* That the proof of possession was sufficient to sustain the verdict
   of the jury for the defendant, setting up such statutory title *with claim
   of right.*

(The above head notes belong on page 346.)

---

SEYMOUR, JOHNSON & COMPANY, plaintiffs in error, *vs.*
JAMES M. COBB, defendant in error.

A suit was instituted by the plaintiffs against the defendants, on an
account, alleging that the defendants were partners, and in the progress
of the trial evidence was introduced for and against the existence of
the partnership without objection, and on the argument of the case
before the jury, the point was made that no plea had been filed denying
the partnership; whereupon the Court allowed the defendant, at that
stage of the case, to file his plea under oath, denying the partnership.
The counsel for plaintiffs claimed a continuance of the case, on the
ground of surprise, which was overruled by the Court.    The plaintiffs
then offered to introduce witnesses, then in Court, to deny the truth of
defendants plea and to prove the existence of the partnership as alleged